**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen W. Murphy, ) | No. CV-06-1839-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Aetna Life Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding pro se, originally filed this action on June 28, 2006 against Aetna Life Insurance Company in the Justice Court, County of Mohave, Small Claims Division. The basis of Plaintiff's claim appears to be alleged noncompliance or failure to provide adequate medical services and/or payment in accordance with a contractual agreement as to which Plaintiff seeks the amount of $522.00 (Dkt. #1 - Complaint and Summons). Defendant removed the case to this Court on July 25, 2006 alleging federal question jurisdiction claiming that Plaintiff had asserted a claim for wrongful denial of benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). On August 1, 2006 Defendant filed a Motion to Dismiss the case under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for Summary Judgment under Rule 56. The docket in this case shows that Plaintiff, proceeding pro se, has not filed a Response to Defendant's Motion to Dismiss and

the time for filing such a Response has passed. <u>See</u> LRCiv 7.2, 56.1, Rules of Practice of the United States District Court, District of Arizona.

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 932 (9th Cir. 2001). "Subject matter jurisdiction cannot be established by consent of the parties, and a lack of subject matter jurisdiction is a non-waivable defect." <u>Gibson</u>, 261 F.3d at 948; <u>see also</u> <u>Lengyel v. Sheboygan County</u>, 882 F.Supp. 137, 138 (E.D.Wis. 1995) ("When a district court determines there is a lack of subject matter jurisdiction, the case shall be remanded, even if the parties prefer to remain in federal court."). A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." <u>United Investors Life Ins. Co. v. Waddell & Reed, Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004). In other words, a district court may remand a removed case sua sponte if it determines that it lacks subject matter jurisdiction over the case. <u>See</u> <u>Baldwin v. Monier Lifetile, L.L.C.</u>, 2005 WL 3334344 (D. Ariz. 2005); <u>cf.</u> <u>Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not sua sponte remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

Here, the Court is doubtful whether it possesses subject matter jurisdiction. Claiming ERISA preemption, Defendants removed the case from Mohave County Small Claims Court. Contrary to Defendant's assertion, Plaintiff does not set forth a claim for recovery of medical benefits. In her Complaint, Plaintiff stated that she seeks return of $522 paid in health insurance premiums for medical coverage she did not receive. The Court finds the controversy between the parties is a garden-variety contract dispute, which is not preempted by ERISA and should be resolved by the Mohave County Small Claims Court.

**Accordingly**,

1     **IT IS ORDERED** that this cause of action shall be remanded to the Mohave County
2 Small Claims Court.
3     **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt. #5) is
4 denied as moot.

    DATED this 2nd day of November, 2006.

_____
Mary H. Murguia
United States District Judge